ERIC GRANT
United States Attorney
CALVIN LEE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00308-KES-BAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| AUSTIN LLOYD KERNS, | DATE: September 24, 2025 |
| Defendant. | TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on September 24, 2025.

2. By this stipulation, defendant now moves to continue the status conference until November 12, 2025, and to exclude time between September 24, 2025, and November 12, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a)  The government has represented that the discovery associated with this case includes investigative reports, photographs, audio recordings, ammunition, and digital forensic data. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

      b)    The parties are in the midst of discussing a potential plea agreement resolving the case. The government has made a formal written plea offer. Counsel for defendant desires additional time to consult with his client, to review the current charges, discuss potential resolutions with his client, and respond to the government's plea agreement.

      c)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)    The government does not object to the continuance.

      e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 24, 2025 to November 12, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 17, 2025

ERIC GRANT
United States Attorney

/s/ CALVIN LEE
CALVIN LEE
Assistant United States Attorney

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

Dated: September 17, 2025                    /s/ John F. Garland
                                                                     John F. Garland
                                                                     Counsel for Defendant
                                                                     AUSTIN LLOYD KERNS

## **ORDER**

IT IS SO ORDERED that the status conference is continued from September 24, 2025, to **November 12, 2025 at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **September 18, 2025**            /s/ Barbara A. McAuliffe
                                                                          UNITED STATES MAGISTRATE JUDGE